**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| ASHLEE R. BROWN, individually, and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) CITY CHEVROLET, LLC, ) ) Defendant. ) | Case No. 09-0642-CV-W-GAF |

## ORDER

Presently before the Court is Plaintiff Ashlee R. Brown's ("Plaintiff") Motion to Remand pursuant to 28 U.S.C. § 1447. (Doc. #6). Plaintiff argues Defendant City Chevrolet, LLC ("Defendant"), has failed to establish diversity jurisdiction exists under 28 U.S.C. 1332(a) or the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). *Id.* Defendant opposes. (Doc. #7).

Under CAFA, Congress authorized federal courts to hear class actions "in which minimal diversity exists, the class exceeds 100 members and the amount in controversy exceeds $5 million." *Irish v. Burlington N. Santa Fe R. Co.*, 632 F. Supp. 2d 871, 873 (W.D.Wis. 2009). The amount in controversy requirement may be met by aggregating all class members' claims. 28 U.S.C. § 1332(d). Under § 1332(d), the removing party, by a preponderance of the evidence, must establish the requisite amount has been met. *Bell v. Hershey Co.*, 557 F.3d 953, 957 (8th Cir. 2009). Under this standard, a court must find a fact finder *might* legally conclude damages meet the requisite dollar amount. *Bell*, 557 F.3d at 959 (quotations and citation omitted).

Here, Plaintiff is a resident of Missouri. (Amended Petition, ¶1). Defendant is a resident of Kansas since its only member is a trust whose sole trustee is a Kansas resident. (Doc. #1, ¶5; *see also OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007)). Thus, diversity of

citizenship exists. The numerosity requirement is also met since Defendant alleges it charged 2,581 potential class members a suspect fee during the period of time relevant to this action. (Doc. #7-2).

The main issue then becomes the amount in controversy requirement. The Court believes this requirement has been met. One of Plaintiff's causes of action arises under the Missouri Merchandising Practices Act ("MMPA"). (*See* Amended Petition). Violations of the Act can result in awards for actual damages, punitive damages, and attorney fees. Mo. Rev. Stat. § 407.025. Plaintiff alleges Defendant wrongfully charged customers $389.00 in violation, in part, of MMPA. Defendant alleges it charged this fee to 2,581 customers/potential class members. Hence, actual aggregated damages could amount to roughly $1,004,099. This leaves a $3,995,992 difference between the amount of actual damages and the $5,000,001 jurisdictional requirement. A fact finder could legally and permissibly award such an amount as punitive damages (i.e., a little more than 3.98 times actual damages), not to mention reasonable attorney fees. Based on these facts, CAFA's amount in controversy requirement is met. *See Bass v. Carmax Auto Superstores, Inc.*, No. 07-0883-CV-W-ODS, 2008 WL 441962, *2 (W.D.Mo. Feb. 14, 2008) (reasoning a punitive damage award of 6.7 times actual damages is likely constitutionally acceptable).

Because the CAFA's requirements for minimal diversity, numerosity, and amount in controversy have been satisfied, the Court has proper jurisdiction to hear the case. Plaintiff's Motion to Remand is **DENIED**.

**IT IS SO ORDERED.**

s/ Gary A. Fenner<br>Gary A. Fenner, Judge<br>United States District Court

DATED: **October 28, 2009**